IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KELVIN J. MILES, #157867 * | |
| Plaintiff | |
| v. * | CIVIL ACTION NO. AW-10-564 |
| GARY MAYNARD * | |
| MICHAEL STOUFFER | |
| RODERICK SOWERS * | |
| RITA ORR | |
| Defendants. * | |
| *** | |

**MEMORANDUM**

Plaintiff's prior civil cases illustrated that he is currently serving a cumulative 45-year sentence on rape and kidnapping convictions imposed in 1979 and 1980. On March 5, 2010, the court received for filing this 42 U.S.C. § 1983 complaint for injunctive and declaratory relief and $675.00 in damages against prison administrators and mailroom personnel. He claims that he and other inmates are paying state taxes on pre-paid telephone cards and are being prejudiced by not being allowed to file income tax returns. Plaintiff also accuses mailroom staff of opening his "legal express" mail and delaying his personal mail.

Accompanying the Complaint is Plaintiff's Motion to Proceed *In Forma Pauperis*. Paper No. 2. Were this Court to substantively review the claims on the merits, it would necessarily find the Complaint to be without merit as pleaded. However, as Plaintiff has accumulated over three § 1915(e) dismissals of his prison civil actions, his Complaint is subject to dismissal pursuant to this Court's authority under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that B

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court interprets this provision of the Act to require that once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, unless at the time he files the action he is under imminent danger of serious physical injury.[1] *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) *Debuc v. Johnson*, 314 F.3d 1205, 1208-09 (10th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d. 307, 313 (3rd Cir. 2001).

Given the application of the aforementioned statute, this action shall not be permitted to proceed. Review of Plaintiff's prior § 1983 actions discloses that five of his actions were dismissed without requiring service of process on defendants because they were frivolous or had failed to state a constitutional claim for federal district court consideration.[2] In *all* five cases, Plaintiff was granted

---

[1] Of course, this provision does not preclude an inmate from prepaying the full filing fee to re-file claims previously rejected under §1915(g).

[2] In reaching such a decision, the Court relies upon the prior orders of dismissal set out in *Miles v. Reginoe, et al.*, Civil Action No. S-94-2663 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-95-899 (D. Md.); *Miles v. Chance*, Civil Action No. S-95-1163 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-96-695 (D. Md.); and *Miles v. Governor, et al.,* Civil Action No. S-96-1921 (D. Md.). *See Evans v. Illinois Dep=t of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g)dismissal).

leave to proceed *in forma pauperis* pursuant to § 1915(a).  In light of these previous "strikes" and the fact that Plaintiff's instant allegations plainly do not meet the Aimminent danger@ exception, this action shall be dismissed pursuant to § 1915(g).  Plaintiff shall be denied leave to proceed without the prepayment of court costs.  He may, however, resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

      A separate Order reflecting this opinion shall follow.

Date: March 15, 2010                                     /s/
                                                        Alexander Williams, Jr.
                                                        United States District Judge